No. 88–6848. LAWS *v.* ARMONTROUT, WARDEN. C. A. 8th Cir. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case.

Even if I did not hold this view, I would still grant the petition and vacate petitioner's death sentence, so that we might address petitioner's claim that he was denied effective assistance of counsel at the penalty phase of his trial. After an extended hearing, the District Court granted petitioner's writ of habeas corpus, ruling that petitioner had not received effective assistance of counsel, and a panel of the Court of Appeals for the Eighth Circuit affirmed. The panel's judgment, however, was overturned

by the Court of Appeals sitting en banc, over a strong dissenting opinion which three judges joined. 863 F. 2d 1377, 1394 (1988) (McMillian, J., dissenting, joined by Lay, C. J., and Heaney and Arnold, JJ.).

In my view, the behavior of petitioner's attorney at the penalty phase was plainly deficient, depriving his client of "the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* v. *Washington*, 466 U. S. 668, 687 (1984). The attorney offered literally no evidence in mitigation. This inaction cannot be explained by a dearth of potentially mitigating evidence. On the contrary, the attorney knew of, but failed to investigate, a number of facts about petitioner on which quite credible arguments in mitigation could have been made. Petitioner told his attorney, for example, that he had fought for this country in Vietnam and received an honorable discharge from the Army. 863 F. 2d, at 1396 (dissenting opinion). The attorney, however, failed to pursue this claim. Had he done so, he would have learned that petitioner had earned the National Defense Service Medal, the Vietnam Service Medal, the Vietnam Campaign Medal, and the Good Conduct Medal. *Id.*, at 1397.

The attorney also knew that many of the soldiers who served in the Vietnam conflict suffered severe emotional trauma afterwards, encountering problems of socialization and readjustment. In some cases, they have suffered from posttraumatic stress disorder so severe as to induce violent criminality, a fact recognized by Congress when it passed the Veterans Health Care Amendments of 1979, 38 U. S. C. § 612 *et seq.* 863 F. 2d, at 1396–1397. The attorney failed, too, to explore this potential source of mitigating evidence, deciding after a sketchy telephone conversation with petitioner's stepmother and after a brief conversation with his brother not to interview the family. *Id.*, at 1395–1396. Had he done so, he would have learned that after his experience in Vietnam, petitioner "changed from a church-going young man who had never had any trouble with the law to a nervous and withdrawn loner constantly in trouble, in and out of prison." *Id.*, at 1397. The attorney also failed to explore petitioner's postdischarge psychiatric records, documents which would have provided "even more evidence of [petitioner's] personality change after his military service in Vietnam." *Ibid.*

It is questionable, to say the least, whether under these facts counsel's performance was indeed reasonable so as to satisfy the first prong of the two-pronged test for ineffective assistance set forth in *Strickland.* This conclusion is especially doubtful given that this is a capital case, posing the heaviest professional responsibility on counsel. Yet that is precisely what the en banc Court of Appeals held in this case. 863 F. 2d, at 1394. In my view, the decision below calls into question whether the *Strickland* test is to have any vitality at all. To establish that there are minimal thresholds below which counsel cannot go, I would grant the petition for certiorari.